BENJAMIN STARR *vs.* WILLIAM JOHNSON.

### *Certiorari.*

A party to a negotiable instrument, who is not a party to a suit upon it, is not, as a matter of course, so interested in the event, as to be an incompetent witness.

The object of this Certiorari is to correct certain errors, alleged to have been committed, on the trial of a case, in a Justice's Court, in a case pending between the above parties, predicated on a promissory note, which reads as follows :—" On or before the 25th day of De- " cember next, I promise to pay Samuel Gray, or bearer, thirty-five " dollars and 25 cents, for value received of him, this 4th Feb- " ruary, 1837. Now the conditions of the above note is as follows : " i. e. if the subscriber to said note does try to collect the amount of " the above note, from Travis Johnson, and fails to collect it, then " the subscriber is bound to pay half the amount, i. e. seventeen " dollars and 12½ cents. In witness whereof, I have hereunto set " my hand, this day and date above written"—and subscribed by William Johnson. It appears, from the return of the Justices, that on the trial, the plaintiff moved to read in evidence the interrogato- ries of Samuel Gray, the payee of said note, for the purpose of proving that he held a note, for thirty-five dollars and twenty-five cents, on Travis Johnson and William Johnson, and that the said note, sued on, was given as a compromise of said note; which testi- mony was objected to, by defendant's counsel, and rejected by the Court, upon the ground, that the payee of a note could not be a wit- ness, on account of his interest. It further appears, that plaintiff proved, by the testimony of another witness, that he wrote the note, and heard the contract, between Gray, the payee, and defendant, and that it was understood, that, if defendant could collect the $35.25, out of Travis Johnson, defendant was to pay Gray the whole amount ; but, if he could not collect it of Travis Johnson, then Gray was to lose one half of the $35.25 ; and, upon this evidence, the Jury found for the defendant. Two grounds of error are alleged : first, that the

[Starr *vs.* Johnson.]

Court erred, in rejecting the testimony of the payee; secondly, that the Jury found, contrary to evidence. As to the first ground, the mere fact of a person's being a party to a negotiable instrument, who is no party to the suit, is not sufficient evidence of his interest, to render him incompetent, as a witness. As to the second ground, it appears that the defendant, according to the terms of the note, was bound to pay the seventeen dollars and $12\frac{1}{2}$ cents. at all events; and this was all the plaintiff claimed, in said suit. Defendant offered no evidence, to shew why he should not pay it. The verdict was, therefore, certainly contrary to all the evidence. I think, therefore, that both grounds of error are sustained by the return. It is, therefore, ordered, that the Certiorari be sustained, and a new trial ordered.